UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

KENDELL NISBIT,

              Plaintiff,

    -against-

CITY OF NEW YORK, TANYA BARRY, Individually,
JEROME BACCHI, Individually, "JOHN" JACKSON,
Individually, FERNANDO GUERRERO, Individually,
ERIC COX, Individually, KEVIN GALLAGHER, Individually,
"JOHN" CORSO, Individually, and JOHN and JANE DOE 2
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

              Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

Docket No. CV 12-6092

Jury Trial Demanded

    Plaintiff KENDELL NISBIT, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KENDELL NISBIT is twenty-six year old African American man who resides in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants TANYA BARRY, JEROME BACCHI, "JOHN" JACKSON, FERNANDO GUERRERO, ERIC COX, KEVIN GALLAGHER, "JOHN" CORSO, and JOHN and JANE DOE 2 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. This action arises from the defendants' custom, policy and practice of racial profiling and harassment resulting in the successive violations of plaintiff's civil rights on December 11, 2009 and June 15, 2010.

**Incident One**

13. On December 11, 2009, at approximately 9:00 p.m., plaintiff was lawfully present in the lobby of 2921 Tilden Avenue, Brooklyn, New York having just come from visiting, Kanayri Guzman, who at the time resided in apartment 6H, and was the girlfriend of plaintiff's friend Kevon Lee.

14. The defendant officers, including but not limited to defendants TANYA BARRY and "JOHN" JACKSON, stopped and detained plaintiff.

15. Plaintiff informed the officers that he was with his friend Kevon Lee and they had just been visiting Mr. Lee's girlfriend.

16. Shortly thereafter, Mr. Lee came downstairs with plaintiff's jacket and identification.

17. Mr. Lee also confirmed that he and plaintiff were both visiting Ms. Guzman, who was his girlfriend.

18. Notwithstanding the fact that plaintiff gave a lawful explanation for his presence in the building, which was corroborated by Mr. Lee, the defendant officers refused to verify plaintiff's lawful presence, placed over tight handcuffs on his wrists, and transported plaintiff to the 67th Police Precinct.

3

19. The defendant officers imprisoned plaintiff until his arraignment in Kings County Criminal Court on baseless charges filed under docket number 2009KN098819; said charges having been filed based on the false allegations of defendant TANYA BARRY. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

20. As a result of the defendants' false statements, plaintiff was compelled to return to court approximately four times, until on November 10, 2010, when all of the purported charges levied against plaintiff based on the false allegations of the defendants were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Kings County Criminal Court.

21. Defendant JEROME BACCHI supervised defendants TANYA BARRY and "JOHN" JACKSON and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

22. The defendant officers JEROME BACCHI, TANYA BARRY and "JOHN" JACKSON either participated in and/or failed to intervene in the illegal conduct described herein.

**Incident Two**

23. On June 15, 2010, at approximately 4:00 p.m., plaintiff was present in the vicinity of 250 East 29th Street, Brooklyn, New York, when he was again unlawfully stopped and detained by defendant officers, including but not limited to, upon information and belief, ERIC COX and FERNANDO GUERRERO.

24. The defendant officers arrested and handcuffed plaintiff without probable cause.

4

25. The officers transported plaintiff to an NYPD precinct and imprisoned him therein for approximately five hours before releasing him with a desk appearance ticket compelling plaintiff to appear in Kings County Criminal Court. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

26. As a result of the defendants' false statements, on July 21, 2010, plaintiff was arraigned in Kings County Criminal Court on false charges filed under docket number 2010KN057867; said charges having been filed based on the false allegations of defendant ERIC COX and FERNANDO GUERRERO.

27. At plaintiff's arraignment, all of the purported charges levied against plaintiff based on the false allegations of the defendants were adjourned in contemplation of dismissal and subsequently dismissed and sealed in Kings County Criminal Court.

28. Defendant KEVIN GALLAGHER supervised defendants ERIC COX, FERNANDO GUERRERO, and "JOHN" CORSO and approved of, oversaw, and otherwise participated in the arrest, and prosecution of the plaintiff.

29. The defendant officers KEVIN GALLAGHER, ERIC COX, FERNANDO GUERRERO, and "JOHN" CORSO either directly participated in and/or failed to intervene in the illegal conduct described herein.

**As to Incidents One and Two**

30. The defendant officers JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

31. All of the above occurred as a direct result of the unconstitutional policies,

5

customs or practices of the City of New York, including, without limitation, unlawfully stopping and detaining individuals, and thereafter unlawfully arresting individuals without probable cause, and the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff due to his race and/or nationality, and pursuant to a *de facto* policy, custom or practice of falsification.

32. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding, the prerequisites for stopping, detaining, and searching individuals, and what constitutes probable cause to arrest individuals, and that many officers engage in a practice of falsification in an effort to cover up the aforesaid abuses of authority.

33. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

34. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35. As a result of the foregoing, plaintiff KENDELL NISBIT sustained, *inter alia*, physical suffering, emotional distress, embarrassment, humiliation, and deprivation of his

constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

38. All of the aforementioned acts deprived plaintiff KENDELL NISBIT, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants arrested plaintiff KENDELL NISBIT without probable cause, causing him to be detained against his will for an extended periods of time and subjected to physical restraints on December 11, 2009 and June 15, 2010.

45. Defendants caused plaintiff KENDELL NISBIT to be falsely arrested and unlawfully imprisoned on each of the dates described above.

46. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants issued criminal process against plaintiff KENDELL NISBIT by causing his arrests and prosecutions in Richmond County Criminal Court following his arrests on December 11, 2009 and June 15, 2010.

49. Defendants caused plaintiff KENDELL NISBIT to be arrested and prosecuted in

order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

50. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The defendants falsely arrested and maliciously prosecuted plaintiff KENDELL NISBIT because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

53. As a result of the foregoing, plaintiff KENDELL NISBIT was deprived of his rights under the Equal Protection Clause of the United States Constitution.

54. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

57. As a result of the foregoing, plaintiff KENDELL NISBIT was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

58. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants had an affirmative duty to intervene on behalf of plaintiff KENDELL NISBIT, whose constitutional rights were being violated in their presence by other officers, on December 11, 2009 and June 15, 2010.

61. The defendants failed to intervene to prevent the unlawful conduct described herein.

62. As a result of the foregoing, plaintiff KENDELL NISBIT'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

63. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals or for other collateral objectives;

and, a *de facto* policy and/or practice of falsification.

70. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff KENDELL NISBIT'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KENDELL NISBIT.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KENDELL NISBIT as alleged herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KENDELL NISBIT as alleged herein.

74. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KENDELL NISBIT was unlawfully arrested, illegally searched, and maliciously prosecuted.

75. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KENDELL NISBIT'S constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff KENDELL NISBIT of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To be free from malicious abuse of process; and

    E. To receive equal protection under law.

77. As a result of the foregoing, plaintiff KENDELL NISBIT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KENDELL NISBIT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 11, 2012

>               LEVENTHAL & KLEIN, LLP
>               Attorneys for Plaintiff KENDELL NISBIT
>               45 Main Street, Suite 230
>               Brooklyn, New York 11201
>               (718) 722-4100
>
>               By: _____
>                   BRETT H. KLEIN (BK4744)